**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, ) | |
| ) | |
| Petitioner, ) | Case No. 2:17-cv-00913-JCM-GWF |
| ) | |
| vs. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| SATICOY BAY, LLC, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court on the Petitioner Federal Housing Finance Agency's ("FHFA")
Cross-Motion for an Order Requiring Respondent to Comply with the Subpoena (ECF No. 18), filed
on June 14, 2017. The Respondent Saticoy Bay, LLC filed an Opposition (ECF No. 24) on July 3,
2017 and the Petitioner filed a Reply (ECF No. 26) on July 10, 2017. Also before the Court is the
Respondent's Motion to Quash (ECF No. 19), filed on June 15, 2017. The Petitioner filed an
Opposition (ECF No. 17) on June 14, 2017 and the Respondent filed a Reply (ECF No. 24) on July 3,
2017. The Court conducted a hearing in this matter on July 21, 2017. *See* (ECF No. 27).

**BACKGROUND AND DISCUSSION**

In determining whether to enforce an administrative subpoena, a court shall inquire into "(1)
whether Congress has granted the authority to investigate; (2) whether procedural requirements have
been followed; and (3) whether the evidence is relevant and material to the investigation." *F.D.I.C v.
Garner*, 126 F.3d 1138, 1142 (9th Cir. 1997) (citing *EEOC v. Children's Hosp. Med. Ctr. of N. Cal.*,
719 F.2d 1426, 1428 (9th Cir.1983)). "An affidavit from a government official is sufficient to
establish a prima facie showing that these requirements have been met." *Id.* If these factors are met,
a court should enforce the subpoena unless the responding party can prove that "the inquiry is

unreasonable because it is overbroad or unduly burdensome." *Id.* citing *Children's Hosp.*, 719 F.2d at 1428.

FHFA filed a Motion to Enforce Subpoena (ECF No. 1) on March 31, 2017. The Subpoena seeks information and documents relating to every property that Saticoy Bay or any of Saticoy Bay's affiliates held or claimed an interest in and that was the subject of an HOA foreclosure sale pursuant to Nevada Revised Statute § 116.3116 between September 18, 2009 and the present. *See Subpoena* (ECF No. 1-2), Exhibit 1. FHFA argues that this information is necessary for FHFA to resolve all issues concerning the continued validity of liens held by Fannie Mae and Freddie Mac (collectively referred to as the "Enterprises") on properties in which Saticoy Bay or its affiliates claims an interest. *Cross-Motion* (ECF No. 18), pg. 3. Saticoy Bay objects to the Subpoena and requests that it be quashed. Saticoy Bay attacks the Subpoena on the following grounds: (1) the Subpoena requests information that is not relevant to the FHFA's stated purpose, (2) the Subpoena requests information that is not sufficiently definite, (3) the Subpoena is oppressive and unduly burdensome, (4) the Subpoena requests information that is already in FHFA's control and (5) the Subpoena requests information outside of the applicable statute of limitations. *Motion to Quash* (ECF No. 13), pgs. 7-15.

There is no question that FHFA's Subpoena meets the three-part test set forth above. Rather, the overarching issue before the Court is whether FHFA's Subpoena is unduly burdensome and overbroad. In order to demonstrate that an administrative subpoena imposes an undue burden, a subpoenaed party must provide evidence that shows that compliance "threatens to unduly disrupt or seriously hinder normal operations of a business." *F.T.C. v. Texaco, Inc.*, 555 F.2d 862, 882 (D.C. Cir. 1977); *see U.S. Commodity Futures Trading Comm'n v. Ekasala*, 62 F.Supp.3d 88, 94 (D. C. Cir. 2014) ("The standard for showing that a request is unduly burdensome ... is a high one."). Merely referencing the agency's extensive requests or asserting that compliance would be costly is not enough. *See, e.g., Garner*, 126 F.3d at 1145–46; *NLRB v. Vista Del Sol Health Servs., Inc.*, 40 F.Supp.3d 1238, 1265–66 (C.D. Cal. 2014); *Ekasala*, 62 F.Supp.3d at 94. In addition, "[a]n administrative subpoena [ ] may not be so broad so as to be in the nature of a 'fishing expedition.' " *Peters v. United States*, 853 F.2d 692, 700 (9th Cir.1988). A subpoenaed party must enunciate how

2

the subpoena constitutes a "fishing expedition." *Garner*, 126 F.3d at 1146.

Here, Saticoy Bay argues that FHFA's Subpoena presents an undue burden for several reasons. First, Saticoy Bay represents that, with the exception of the deeds relating to the subject properties, it "does not possess any of the public records associated with the properties that were recorded in advance of the Association foreclosure sales." *Id.* at pg. 12, lns. 13-14. Saticoy Bay asserts that it has no need to maintain these publicly recorded documents unless it is involved in litigation. *Id.* If it were required to produce these documents, Saticoy Bay would be required to research, order and pay for public records for hundreds of properties—something that FHFA is capable of doing itself. In addition, Saticoy Bay argues that it "is a small real estate rental and property management company and it would be required to hire counsel to complete the task." *Reply* (ECF No. 24), pg. 9, lns. 26-27. Therefore, compliance with the Subpoena would be difficult and time consuming. Ultimately, Saticoy Bay argues that it should not have to do FHFA's work at its own expense when FHFA is better equipped financially and has more manpower. FHFA on the other hand asserts that it cannot rely exclusively on publicly available information "because such information is incomplete and in some instances unreliable." *Cross-Motion* (ECF No. 18), pg. 9, ln. 6. FHFA believes that this information should be readily accessible to Saticoy Bay. *Id.* at pg. 12.

Saticoy Bay also argues that FHFA's Subpoena is overbroad and is being used as a "fishing expedition." *Motion to Quash* (ECF No. 19), pg. 9. Saticoy Bay believes that the Subpoena is the result of the Enterprises' failure to record their interests and the FHFA's failure to keep reliable records regarding their Nevada properties. *Id.* These failures, according to Saticoy Bay, do not provide the FHFA a "license to engage in a fishing expedition at the expense of Respondent." *Id.* at lns. 14-15. FHFA disputes this speculation in its entirety. FHFA argues that it knows which mortgage loans it and the Enterprises own in Nevada but maintains that the Subpoena is the only practical way for FHFA to obtain information on which of those loans are under threat of extinguishment by Saticoy Bay as a result of an HOA foreclosure sale. *Cross-Motion* (ECF No. 18), pg. 11.

Based on a review of the Subpoena, the parties' briefs and oral argument, the Court finds that the Subpoena should be enforced. However, enforcement should be limited. The Court finds that

Saticoy Bay should only be required to provide FHFA with the Assessor's Parcel Number, legal description and street address of each property that it and its affiliates have held or claimed an interest in and that was the subject of an HOA foreclosure completed under Nevada Revised Statute § 116.3116 between September 18, 2009 and the present. Some of this information has already been provided. That information is sufficient to allow FHFA to then determine which Enterprise assets might be affected by claims that their interests have been extinguished as a result of an HOA foreclosure sale. Requiring Saticoy Bay to obtain and provide additional information from the recorder's office and third-parties regarding properties that are not yet involved in litigation, which may be equally accessible to FHFA would be unduly burdensome. If after FHFA receives this information from Saticoy Bay and after conducting its own research, it finds that there remains information that only Saticoy Bay could produce, FHFA may serve a followup subpoena requesting such information. Accordingly,

**IT IS HEREBY RECOMMENDED** that the Petitioner Federal Housing Finance Agency's ("FHFA") Cross-Motion for an Order Requiring Respondent to Comply with the Subpoena (ECF No. 18) be **granted**, in part, and that the Respondent's Motion to Quash (ECF No. 19) be **granted**, in part, and **denied**, in part as follows:

1. Respondent shall provided Petitioner with the Assessor's Parcel Number (APN), legal description and street address (including unit number, if any, and city, state, and zip code) of each property that Respondent and Respondent's affiliates have held or claimed an interest in and that was the subject of an HOA foreclosure completed under Nevada Revised Statute § 116.3116 between September 18, 2009 and the present.

2. Respondent shall not be required at this time to provide the Petitioner with any other information requested in the subpoena.

DATED this 10th day of August, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

. . .

4

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).